## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CHRISTOPHER JAMES LATHROP, | : | |
| Plaintiff, | : | PRISONER CASE |
| | : | NO. 3:12-cv-192(JCH) |
| v. | : | |
| | : | |
| WARDEN SEMPLE, et al., | : | JULY 2, 2012 |
| Defendants. | : | |

## INITIAL REVIEW ORDER

The plaintiff, currently incarcerated at Garner Correctional Institution in Newtown, Connecticut ("Garner"), has filed a complaint pro se under section 1983 of title 42 of the United States Code.  The plaintiff sues Warden Semple, Deputy Warden Falcone, Captain Angalopolis and Drs. Boganoff and Cartwright.

Pursuant to section 1915A(b) of title 28 of the United States Code, the court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).   This requirement applies both where the inmate has paid the filing fee and where he is proceeding in forma pauperis.  See Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Although detailed allegations are not required, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678

(2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a pro se complaint, see Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that he has a history of mental illness and has attempted to harm himself on multiple occasions during his incarceration within the Connecticut Department of Correction.  In August 2011, prison officials at Bridgeport Correctional Center transferred him to Garner.  At Garner, he put defendants Semple, Falcone, Boganoff and Cartwright on notice that he needed mental health treatment and made numerous requests for treatment.  From mid-September 2011 to mid-January 2012, the plaintiff attempted to harm himself on five occasions.  The plaintiff claims that defendants refused to provide him with mental health treatment during this time period.

The plaintiff also names Captain/Unit Manager Angalopolis as a defendant.  The plaintiff alleges that in late September or early October 2011, Dr. Boganoff spoke to Unit Manager Angalopolis about the plaintiff's complaints of increased stress levels.  This allegation is insufficient to state a plausible claim of deliberate indifference by defendant Angalopolis to the plaintiff's mental health conditions.  Accordingly, the plaintiff has not alleged that defendant Angalopolis has violated his federally or constitutionally protected rights.  The claims against defendant Angalopolis are dismissed for failure to state a claim upon which relief may be granted.  See 28 U.S.C. § 1915A(b)(1).

2

The court concludes that the allegations against defendants Semple, Falcone, Boganoff and Cartwright state plausible claims of deliberate indifference to a serious mental health condition and/or the plaintiff's safety.  To the extent that plaintiff asserts section 1983 claims against these defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment.  See Kentucky v. Graham, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); Quern v. Jordan, 440 U.S. 332, 342 (1979) (section 1983 does not override a state's Eleventh Amendment immunity).  The section 1983 claims for money damages against  defendants Semple, Falcone, Boganoff and Cartwright in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

## ORDERS

The court enters the following orders:

(1)      The claims against defendant Angalopolis are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The claims for money damages against defendants Semple, Falcone, Boganoff and Cartwright in their official capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(2).  The Eighth Amendment claims shall proceed against defendants Semple, Falcone, Boganoff and Cartwright in their individual capacities and their official capacities to the extent that the plaintiff seeks injunctive and declaratory relief.

(2)      Within fourteen (14) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the Complaint (Doc. No. 1) and this Order on defendants Semple, Falcone, Boganoff and Cartwright in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street,

Hartford, CT 06141.

(3)     Within fourteen (14) days of this Order, the Pro Se Prisoner Litigation Office shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for defendants Semple, Falcone, Boganoff and Cartwright and mail waiver of service of process request packets to each defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(5)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(6)     Defendants Semple, Falcone, Boganoff and Cartwright shall file their response to the Complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this Order.  Discovery requests need not be filed with the court.

4

(8)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(9)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

SO ORDERED at Bridgeport, Connecticut this 2nd day of July, 2012.


_____/s/ Janet C. Hall____
Janet C. Hall
United States District Judge